**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-02173-RMR-STV

ASHRAF ALI AHAMED ARIFF; *et al.*,

Plaintiffs,

v.

THILAK RAJU; *et al.*,

Defendants.

---

**ORDER**

---

Entered by Chief Magistrate Judge Scott T. Varholak

This matter comes before the Court on Plaintiff Ashraf Ali Ahamed Ariff's ("Plaintiff") Ex Parte Motion for Alternate Service upon Thilak Raju (the "Motion") [#12],[1] which has been referred to this Court [#13]. The Motion seeks leave to serve Defendant Thilak Raju ("Defendant") by email. [#12 at 1] This Court has carefully considered the Motion, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff initiated this action on May 19, 2026 by filing his Complaint. [#1] To date, Plaintiff has been unable to serve Defendant, an individual believed to be residing in India. [*See generally* #12] On May 21, after filing the Complaint, Plaintiff, through counsel,

[1] Since the filing of the Motion, an Amended Complaint has been filed which adds an additional Plaintiff. [#15-1]

emailed the complaint, summons, a waiver of service request, and a litigation hold notice to Manjunath Karthikeyan, Defendant's advocate located in India. [#12-2] Karthikeyan, on behalf of Defendant, refused the waiver and stated that service should be carried out in accordance with the Hague Convention. [#12-3] On June 8, 2026, Plaintiff submitted a request for service under the Hague Convention to the India Central Authority, the Government of India's Ministry of Law and Justice. [#12-4 at 5-6] The request listed Defendant's last known address: 6th Floor, Apex Chambers, New No. 35 (Old No. 20), Sir Thyagaraya Road, T. Nagar, Chennai – 600 017, Tamil Nadu, India. [*Id.* at 6] The Ministry of Law and Justice forwarded the request to the Court of Small Causes, Chennai. [*Id.* at 7]

On July 21, 2026, a Court of Small Causes bailiff attempted to serve Defendant. [*Id.*] The bailiff returned the summons as "UnServed/Vacated" and noted that during the attempted service, building security at the specified address stated that Defendant had vacated the premises. [*Id.* at 2, 7] Following this attempt, the Ministry of Law and Justice sent Plaintiff a report stating that Defendant was not served. [*Id.* at 1] Accordingly, Plaintiff seeks leave of this Court to serve Defendant by email to Defendant's email addresses, thilak29@gmail.com and thilak@gmail.com, and Defendant's counsel's email address, manjunath@randr.in. [#12 at 5]

## II. DISCUSSION

Federal Rule of Civil Procedure 4(f) sets forth the acceptable methods for service of process for individuals. Rule 4(f) provides that, unless federal law requires otherwise, "an individual . . . may be served at a place not within any judicial district of the United States:"

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague

Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ;

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). "Courts have held that Rule 4(f) does not create a hierarchy among its subsections dictating that one form of service is favored over another." *Garb Oil & Power Corp. v. Titan Int'l Sec., Inc.,* No. 2:17-cv-00762-PMW, 2018 WL 4401737, at *1 (D. Utah Sept. 14, 2018) (collecting cases). "Accordingly, 'service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.'" *Id*. (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). But, to comply with due process, any means of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

The United States and India are signatories to the Hague Service Convention. *See Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited October 27, 2026). Article 10 of the Hague Convention notes that: "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." Hague Convention, art. 10, 20 U.S.T. 361 (1969). This Court has previously explained that while "India has objected to the means listed in Article 10," such objection "is

specifically limited to the means of service enumerated in Article 10." *Webroot Inc. v. Singh*, No. 18-cv-01909-STV, 2018 WL 4777413, at *1 (D. Colo. Oct. 3, 2018) (quoting *F.T.C. v Pecon Software Ltd.*, No. 12 Civ. 7186(PAE), 2013 WL 4016272, at *4 (S.D.N.Y. Aug. 7, 2013)). Accordingly, "[b]ecause service by email is not listed in Article 10 . . . India had not specifically objected to service by email, and [] such means is not prohibited by international agreement." *Id.*; *see also Your True Nature, Inc. v. JF Show Store*, No. 23-cv-00107-CNS-NRN, 2023 WL 2355926, at *2 (D. Colo. Feb. 14, 2023) (finding service by email permissible on defendants residing in China even though China has objected to Article 10).

In contrast to this Court's previous rulings, however, the Second Circuit recently held that when the Hague Convention applies and a contracting state has objected to Article 10, service by email is improper under Rule 4(f)(3) because it is "inconsistent" with the methods outlined in the Convention.[2] *Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 171-72 (2d Cir. 2025). To date, the Tenth Circuit has not adopted this position.

Ultimately, this Court need not decide whether email service is proper under Rule 4(f)(3) in the context of the Hague Convention. As other courts have concluded, the Court finds that because Defendant's address is unknown, the Hague Convention and *Smart Study* do not apply. *See Glob. Brother SRL v. Zhuliang*, No. 8:25-cv-00980-KKM-NHA, 2026 WL 820821, at *2 (M.D. Fla. Mar. 25, 2026); *EE Holding Grp. LLC v. Anqing Shie*

[2] The Seventh and Third Circuits have recently held the same. *See Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co., Ltd.*, 177 F.4th 793, 798-802 (7th Cir. 2026); *Sec. & Exch. Comm'n v. Lahr*, No. 22-2497, 2024 WL 3518309, at *3 (3d Cir. July 24, 2024).

*Wangluo Keji Zhongxin*, No. 1:23-cv-03770-VMC, 2026 WL 880301, at *2 (N.D. Ga. Feb. 6, 2026). Article I of the Hague Convention states: "This Convention shall not apply where the address of the person to be served with the document is not known." art. 1, 20 U.S.T. 361 (1969). In *Global Brother*, the court found the Hague Convention inapplicable because the plaintiff made reasonable efforts to pursue service through the Convention using the only known address for the defendant, but service could not be completed because the address proved nonexistent. 2026 WL 820821 at *2. Therefore, service by email was not prohibited by international agreement under Rule 4(f)(3) and was appropriate. *Id.* at *3.

Here, like in *Global Brother*, the Court finds that Plaintiff has made reasonable efforts to serve Defendant under the Hague Convention at Defendant's only known address. [#12 at 2] These efforts were unsuccessful as the premises of Defendant's last known address had been vacated. [*Id.* at 2, 7] Because Defendant's address is therefore unknown, the Hague Convention is inapplicable, and *Smart Study* does not apply. The Court thus finds that service by email is an available method pursuant to Rule 4(f)(3).

Having determined service by email is permissible, the remaining issue is whether service by email would provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. When evaluating the appropriateness of service by email under Rule 4(f)(3), courts have generally required some indication that the email address is tied to the defendant and likely to provide actual notice. *See, e.g.*, *Beijing QIYI Century Sci. & Tech. Co. v. Shenzhen QiYi Innovations Tech. Co.*, No. 18-cv-02360-RM-STV, 2018 WL 6589806, at *4 (D. Colo. Dec. 13, 2018)

(finding the proposed email address sufficient to apprise Defendant of the pending suit because it was previously used to successfully effectuate service in a separate proceeding).

Here, the Court can conclude that service by email to Defendant's and Defendant's counsel's emails would be reasonably calculated to apprise Defendant of the action. On May 8, 2026, Plaintiff sent correspondence to Defendant's emails and received a response on May 15 from Defendant's counsel, acknowledging the correspondence. [#12 at 4-5; *see also* #12-6] In that email response, Defendant's counsel asked for further communication to be directed to him. [#12-6 at 1] Defendant's counsel also notified Plaintiff via email that Defendant refused to waive service. [#12-3] In addition, Plaintiff submitted evidence that another federal court recently granted a motion for alternative service on Defendant that permitted service on the same emails proposed in this Motion. [#12-7] The Court is thus satisfied that any communication to the email addresses proposed in this Motion is sufficient to apprise Defendant of this action and will afford Defendant an opportunity to respond to the Complaint. Accordingly, the Court GRANTS the request for alternative service.

## III. CONCLUSION

Accordingly, for the reasons discussed above, the Ex Parte Motion for Alternative Service upon Thilak Raju (the "Motion") [#12] is **GRANTED**. Plaintiffs are granted leave to serve Defendant by email to thilak29@gmail.com, thilak@gmail.com, and manjunath@randr.in. In addition to the documents required to effectuate service, Plaintiffs shall also include a copy of this Order.

DATED: October 27, 2026

BY THE COURT:

s/Scott T. Varholak
Chief United States Magistrate Judge